### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.    1:23-CR-259 (LEK) |
| ) | |
| **v.** ) | **Government's Sentencing Memorandum** |
| ) | |
| **RYLAN PETERSON,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a term of imprisonment within the applicable U.S. Sentencing Guidelines range, to be followed by three years of supervised release.

## I.
## BACKGROUND

Oryin McLeod is a member of a criminal street gang based out of Kingston, New York, that is affiliated with the Bloods. In and around December 2022, he obtained six handguns for himself and his associates. To acquire the firearms, he worked with the defendant, a U.S. marine residing in North Carolina, who acted as a middleman and employed the services of Kenneth Mitchell Locke to straw purchase the firearms from a gun store in North Carolina. McLeod pooled his and his associates' money to pay for the guns, transferring $3,651 to the defendant, who in turn paid Locke. The six firearms purchased included: three Ruger LCP .380s; a Keltec, PMR-30 .22; a Glock 42 .380; and an Armscor Rock Island 206 .38 special revolver. The defendant delivered the firearms to McLeod, who distributed them further to others. A mere 23 days after the straw purchase in North Carolina was completed, two of the firearms (the Glock 42 and the Rock Island

1

revolver) were recovered after McLeod and two others exchanged gunfire with individuals in another vehicle on the streets of Kingston. Surveillance camera footage from shortly after the shootout captured McLeod, who was wearing a ski mask, dropping and then retrieving the firearms before running down the street where the tossed the firearms into a random citizen's backyard.



The defendant pleaded guilty pursuant to a plea agreement to conspiring to make false statements in connection with the acquisition of a firearm in violation of 18 U.S.C. § 371; conspiracy to straw purchase firearms in violation of 18 U.S.C. § 932; and transfer of a firearm to an out-of-state residence in violation 18 U.S.C. § 922(a)(5).

**III.**

**APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

Counts 1 and 3 carry a statutory maximum term of imprisonment of 5 years; Count 2 carries a 25-year statutory maximum term of imprisonment; each count carries a maximum fine of $250,000; and a term of supervised release of five years, to begin after any term of imprisonment may be imposed. 18 U.S.C. §§ 371, 932, 3571, and 3583. The government concurs in the guideline assessment in the Presentence Investigation Report. PSR ¶¶ 20-32, 60.

## IV.
## GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully requests that the Court sentence the defendant to a term of imprisonment within the applicable Guidelines range. Such a sentence would be sufficient and not greater than necessary to meet the sentencing goals set forth in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, to promote respect for the law, and to protect the public from further crimes of the defendant.

The defendant is responsible for deadly weapons making their way from North Carolina to New York. As planned, the defendant then put the firearms he and Locke unlawfully acquired into McLeod's hands despite knowing the danger McLeod, a gang member, and those affiliated with him posed to the community. Unsurprisingly, less than a month after the conspiracy brokered by the defendant, two of the firearms were recovered in connection with a shootout on the streets of Kingston engaged in by McLeod and others, which could have, but fortunately did not, result in significant harm to any member of the community. A sentence within the guideline range is therefore necessary to account for the seriousness of the defendant's offense, to promote respect for the law, to provide a just punishment, and to deter the defendant and others from putting firearms in the hands of gang members, which puts the general public at great risk of harm. *See* 18 U.S.C. § 3553.

The government also requests that the defendant be placed on three years of post-release supervision, subject to the conditions outlined in the PSIR. Such a term is necessary to keep the defendant from engaging in additional criminal conduct and to protect the public.

Finally, the government respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing.

Respectfully submitted this 5th day of March, 2025.

                DANIEL HANLON
                Acting United States Attorney

By:    */s/ Dustin C. Segovia*
        Dustin C. Segovia
        Assistant United States Attorney
        Bar Roll No. 703016